**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4600-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TELIK K. PITTMAN a/k/a CARL T.
PITTMAN, TELIK C. PITTMAN, KARL
T. PITTMAN, and KARL PITTMAN,

    Defendant-Appellant.

_____

> Submitted September 13, 2018 – Decided  September 21, 2018
>
> Before Judges Fuentes and Vernoia.
>
> On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 08-10-1678.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).
>
> Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (David M. Liston, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Telik K. Pittman appeals from a May 4, 2017 order denying his post-conviction relief (PCR) petition without an evidentiary hearing. We affirm because the PCR court correctly determined defendant failed to establish a prima facie claim of ineffective assistance of counsel and therefore was not entitled to an evidentiary hearing.

I.

We described the facts underlying the criminal charges against defendant and his co-defendant Travis Myers in our opinion on defendant's direct appeal, State v. Telik K. Pittman, No. A-1141-12 (App. Div. July 29, 2015) (slip op. at 2-7), and briefly summarize the pertinent facts here. Defendant and Myers were charged in an indictment with offenses arising from "the shooting of two victims during a drug transaction." Id. at 2. More particularly, they were charged with first-degree murder, N.J.S.A. 2C:11-3(a)(1) or (2); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); first-degree attempted murder N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3(a)(1); first-degree armed robbery, N.J.S.A. 2C:15-1; second-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(a); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); second-degree possession of a controlled dangerous substance, cocaine, with intent to

distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(2); third-degree possession of a controlled dangerous substance, cocaine, N.J.S.A. 2C:35-10(a)(1); first-degree conspiracy to commit murder, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:11-3(a)(1) or (2); first-degree conspiracy to commit felony murder, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:11-3(a)(3); and second-degree conspiracy to commit armed robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1.

Myers pleaded guilty to manslaughter and testified against defendant at his trial. Pittman, slip op. at 2. Myers admitted shooting the victims, but asserted he was ordered at gunpoint by defendant to do so. Id. at 6. Defendant testified he was present with Myers, received cocaine from the murdered victim just prior to the shooting and intended to sell the cocaine. Id. at 6-7. Defendant denied he planned to rob the victim who supplied him with the cocaine, id. at 6, and testified he was not armed, "did not know Myers had a gun and would use it against the victims" and did not coerce Myers to shoot the victims, id. at 2.

Defendant was acquitted of all charges except two drug offenses he "admitted in presenting his defense at the trial." Ibid. Defendant was convicted of second-degree possession of cocaine with intent to distribute and third-degree possession of cocaine. Ibid. The court subsequently merged defendant's conviction for the third-degree offense with the second-degree offense.

A-4600-16T1

At sentencing, the court noted that the jury "was not convinced of" defendant's guilt on the charges related to the murder and assault of the victims, and observed that "the circumstances of [the] drug deal . . . suggest a certain level of depravity that concern[ed] the [c]ourt[,] particularly in light of the fact that [the] individual from whom [defendant] had just bought drugs [had] been shot, . . . [and d]efendant fled unconcerned about [the cocaine supplier's] welfare." The court also stated that defendant did not aid the victims or summon any help after they were shot, and "left the [cocaine supplier] there to die along with his girlfriend . . . ."

The court found aggravating factor three, the risk defendant would continue to violate the law, N.J.S.A. 2C:44-1(a)(3), based on defendant's "extensive criminal history," and because defendant committed the crimes for which he was being sentenced while he was a fugitive awaiting sentence on other charges. The court also found aggravating factor six, the extent of defendant's prior record and the seriousness of the offense for which he was being sentenced, N.J.S.A. 2C:44-1(a)(6), based on defendant's prior criminal history and his present conviction of a second-degree offense. Last, the court found aggravating factor nine, the need to deter defendant and others from violating the law,

N.J.S.A. 2C:44-1(a)(9), based on "[d]efendant's significant criminal history and the nature of the offense of this case."

The court did not find any mitigating factors, see N.J.S.A. 2C:44-1(b)(1) to (13), and determined there was a preponderance of aggravating factors. The court imposed an extended term seventeen-year sentence on the second-degree possession with intent to distribute charge in accordance with N.J.S.A. 2C:43-6(f), with an eight-and-a-half-year period of parole ineligibility.

We affirmed defendant's conviction and sentence on his direct appeal. Pittman, slip op. at 17. We rejected defendant's claim his sentence was unconstitutional because the court engaged in impermissible fact-finding by relying on his prior convictions to support its imposition of the extended term sentence under N.J.S.A. 2C:43-6(f). Id. at 12-16. We also rejected defendant's challenge to the aggregate sentence and parole ineligibility period, finding "no legal error or abuse of discretion in the sentence imposed . . . ." Id. at 17. The Supreme Court denied defendant's petition for certification. State v. Pittman, 223 N.J. 556 (2015).

Defendant filed a pro se PCR petition, which did not detail any facts or arguments explaining the basis for the requested relief. Following the appointment of counsel, defendant filed an amended verified petition, which

5

incorporated by reference arguments defendant asserted were set forth in a brief submitted with his initial pro se petition.[1] Defendant claimed the sentencing court could not properly consider the circumstances surrounding the shootings of the victims and his failure to render aid to the victims because he was not convicted of any crimes based on those circumstances. He asserted that his trial counsel was ineffective by failing to object to the sentencing court's reliance on those circumstances, and his appellate counsel was ineffective by failing to raise the issue on appeal.[2]

The PCR court heard oral argument and denied defendant's petition without an evidentiary hearing. The PCR court first determined that any claim defendant's sentence is improper or excessive is barred by Rule 3:22-5 because the claim was adjudicated on defendant's direct appeal, where it was determined there was no legal error in the trial court's imposition of sentence.

---

[1] Defendant's amended verified petition refers to a pro se brief submitted in support of his initial petition. The brief is not included in the record on appeal.

[2] Defendant also submitted a certification to the PCR court asserting that he never had direct communications with his appellate counsel prior to disposition of his direct appeal. The PCR court rejected defendant's claim his appellate counsel was ineffective based on the purported failure to communicate, finding defendant made no showing he suffered any prejudice as a result of the alleged failure. We do not address the issue because defendant does not argue the PCR court erred by rejecting the claim.

A-4600-16T1

The PCR court also rejected defendant's claim his trial counsel and appellate counsel were ineffective. The PCR court determined defendant failed to demonstrate counsel were ineffective because although the sentencing court referred to the circumstances surrounding the shootings and defendant's failure to provide aid, its finding of the aggravating and mitigating factors supporting the sentence were based solely on defendant's criminal record. Thus, the PCR court determined defendant did not establish that either his trial or appellate counsel were ineffective, or that there is a reasonable probability that but for their alleged errors the result of either the sentencing proceeding or direct appeal would have been different. The court entered an order denying the PCR petition without an evidentiary hearing. This appeal followed.

Defendant presents the following argument for our consideration:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL AND APPELLATE COUNSELS' INEFFECTIVENESS FOR NOT PURSUING THE COURT'S IMPOSING A SENTENCE BASED ON THE BELIEF THAT THE JURY RENDERED UNJUST VERDICTS IN DEFENDANT'S FAVOR.

II.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004) (citing Manalapan Realty, L.P. v. Twp. Comm. of

Manalapan, 140 N.J. 366, 378 (1995)). The de novo standard of review applies to mixed questions of fact and law. Id. at 420. Where, as here, an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421. We apply that standard here.

An evidentiary hearing on a PCR petition is required where a defendant establishes a prima facie case for PCR under the standard established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 686 (1984), and the existing record is inadequate to resolve defendant's claim, State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)); see also State v. Preciose, 129 N.J. 451, 462-63 (1992). Under Strickland, a defendant first must show that his or her attorney's handling of the matter "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688; see also State v. Fritz, 105 N.J. 42, 58 (1987). A defendant also must show there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see also Fritz, 105 N.J. at 60-61.

Here, defendant claims the PCR court erred because his trial and appellate counsel were ineffective by failing to challenge the sentencing court's purported

reliance on the circumstances related to the shootings and defendant's failure to provide aid to the victims after they were shot. Defendant's argument is belied by the record.

In the first instance, appellate counsel's brief on the direct appeal included an assertion that the sentencing court erred by considering the circumstances related to the murder in its imposition of sentence. More particularly, appellate counsel argued that "[i]t was improper for the [sentencing] court to consider the circumstances surrounding the homicide because defendant was acquitted of all related charges." As noted, we affirmed defendant's sentence and determined it was not the result of any legal error. Pittman, slip op. at 17.

Defendant's argument is also founded on the false premise that the sentencing court relied on the circumstances related to the shootings, and defendant's failure to provide aid to the victims, as the bases for the sentence imposed. The court's findings of aggravating and mitigating factors, however, are untethered to those circumstances. The court instead relied solely on defendant's criminal history in its finding of the aggravating and mitigating factors supporting the sentence we determined contained no legal error. See ibid.

Defendant therefore could not establish his counsel were ineffective by failing to argue the sentencing court's reliance on the circumstances surrounding the shootings or defendant's failure to provide aid to the victims was improper. Any such argument would have been meritless because the sentencing court simply did not rely on those circumstances in its imposition of sentence. An attorney is not ineffective by failing to make a meritless legal argument. State v. Worlock, 117 N.J. 596, 625 (1990). Defendant therefore failed to satisfy the first prong of the Strickland standard.

Defendant also failed to demonstrate that but for his counsel's alleged errors there is a reasonable probability the result of either his sentencing proceeding or his direct appeal would have been different. See Strickland, 466 U.S. at 694. To satisfy his burden of establishing a reasonable probability the results of the proceedings would have been different, defendant is required to establish "a probability sufficient to undermine confidence in the outcome." Ibid. Defendant did not, and could not, satisfy this burden because even if his trial counsel objected to the court's statements concerning the shootings and his failure to provide aid, and appellate counsel had failed to raise the issue on appeal, the result of the proceedings would have been the same. Again, that is because the sentencing court did not rely on the circumstances surrounding the

shooting or defendant's failure to provide aid to the victims in its imposition of sentence.

We are convinced the PCR court correctly determined defendant failed to sustain his burden under both prongs of the Strickland standard. A failure to satisfy either prong of the Strickland standard requires the denial of a PCR petition, Strickland, 466 U.S. at 700, without an evidentiary hearing, Porter, 216 N.J. at 355.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION